IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____
|                                             )
**UNITED STATES OF AMERICA,**  )
                                                )
      **Plaintiff,**              )
                                                )
      v.                                 )  **CIVIL ACTION NO.**
                                                )
**INTERNATIONAL PAPER**        )
**COMPANY, BNSF RAILWAY**  )
**COMPANY, AND CASS FOREST** )
**PRODUCTS, INC.,**                 )
                                                )
      **Defendants.**           )
_____)

## COMPLAINT

Plaintiff, the United States of America ("United States"), by the authority of the Attorney General and at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b), against defendants International Paper Company, BNSF Railway Company, and Cass Forest Products, Inc. for the recovery of response costs incurred and to be incurred by the United States in connection with the St. Regis Paper Company Superfund Site ("Site") in Cass Lake, Minnesota. The complaint also seeks a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability that will be binding in future actions to recover further costs incurred at or in connection with the Site.

1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because the claims arose and the releases or threatened releases of hazardous substances occurred in this District.

**THE DEFENDANTS**

4. Defendant International Paper Company is a corporation organized under the laws of the State of New York. By virtue of merger, defendant International Paper Company is the successor to the liabilities of the St. Regis Paper Company and Champion International Corporation. In January 1985, St. Regis Paper Company merged into Champion International Corporation. On or about June 20, 2000, Champion International Corporation merged into defendant International Paper Company. At times relevant hereto, defendant International Paper Company and/or its predecessors conducted business in the State of Minnesota.

5. Defendant BNSF Railway Company is a corporation organized under the laws of the state of Delaware. By virtue of merger, defendant BNSF Railway Company is the successor to the liabilities of the Great Northern Railway Company and Burlington Northern Inc. On or about March 2, 1970, Burlington Northern Inc. was created by the merger of the Chicago, Burlington & Quincy Railroad Company; Northern Pacific Railway Company; Great Northern Railway Company; and the Spokane, Portland and Seattle Railway Company. On or about September 22, 1995, defendant BNSF Railway Company was created by the merger of Burlington Northern Inc. and Santa Fe Pacific Corp. At times relevant hereto, defendant BNSF Railway Company and/or its predecessors conducted business in the State of Minnesota.

6. Defendant Cass Forest Products, Inc. ("Cass Forest Products") is a corporation organized under the laws of the State of Minnesota. At times relevant hereto, defendant Cass Forest Products conducted business in the State of Minnesota.

7. Each of the Defendants is a "person" within the meaning and scope of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

**A. The Site**

8. The St. Regis Paper Company Superfund Site ("Site") is comprised of approximately 160 acres, located at Sections 15 and 16, T145N, R31W, in the city of Cass Lake, Minnesota. The Site is located in a mixed-use industrial, commercial, and residential area, and is fully within the boundaries of the federally designated reservation of the Leech Lake Band of the Ojibwe Tribe. The Site includes, but is not limited to property, surface water, and groundwater that has been contaminated as a result of releases of hazardous substances at or from facilities.

9. From approximately 1957 through 1985, St. Regis Paper Company, a predecessor to defendant International Paper Company, used portions of the Site for wood treatment activities.

10. Other portions of the Site were used, and continue to be used, for railway lines owned by defendant BNSF Railway Company and/or its predecessors and a municipal dump owned by the City of Cass Lake.

11. The wood treatment process used by St. Regis Paper Company at the Site consisted primarily of pressure treating wood with creosote and pentachlorophenol ("PCP"), which are wood treatment agents. Impurities in commercial formulations of PCP include dioxin compounds.

12. Between 1969 and 1972, St. Regis Paper Company also used ammoniacal copper arsenate ("ACA") in wood treatment processes at the Site. The active ingredients in ACA include arsenic pentoxide.

13. The wood treatment process used by St. Regis Paper Company at the Site generated process wastewater contaminated with wood treatment agents, including, but not limited to, PCP.

14. PCP and dioxin and arsenic compounds are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

15. Between 1957 and 1980, the process wastewater generated by wood treatment operations was discharged to wastewater disposal ponds, lagoons, or impoundments located on the Site. One or more of the wastewater disposal ponds, lagoons, or impoundments were located on property owned by St. Regis Paper Company. One or more of the wastewater disposal ponds, lagoons, or impoundments were located on property owned by predecessors to defendant BNSF Railway Company and leased to St. Regis Paper Company.

16. Between 1971 and 1980, wastewater from the disposal ponds, lagoons, or impoundments was also sprayed on portions of the Site for irrigation purposes. After 1980, wastewater from the wood treatment operations was directed to tanks adjacent to the wood treatment plant for the purpose of evaporation. Some wastewater produced between 1980 and 1985 was discharged into a sewer manhole located in an area adjacent to the Site, within the Chippewa National Forest. The sewer led to a City of Cass Lake-owned treatment plant.

17. Sludges from the wood treatment operations were disposed of at several areas within the Site, including the municipal dump owned by the City of Cass Lake. Sludge deposited at the municipal dump was periodically burned.

   B. **Response Actions in Connection With the Site**

18. In September 1984, U.S. EPA listed the Site on CERCLA's National Priorities List ("NPL"). 49 Fed. Reg. 37070.

19. The Minnesota Pollution Control Agency ("MPCA") was the lead agency that directed response activities at the Site from 1984 until 1995. Response actions taken in 1985 and 1986 resulted in the removal of contaminated soil and sludges from the Site, creation of a contaminated soil vault on the

Site, provision of city water to affected residents, and the creation and maintenance of a Site groundwater monitoring and treatment system.

20.  In 1995, U.S. EPA took the lead on enforcement and response activities to address threats to public health or the environment at the Site.  At that time, U.S. EPA issued a Unilateral Administrative Order, U.S. EPA Docket No. V-W-95-C-308, to defendant International Paper Company's corporate predecessor, Champion International Corporation, directing it to continue remedial actions established pursuant to earlier MPCA decision documents regarding the Site.

21.  Since 1995, U.S. EPA has issued various administrative orders requiring defendant International Paper Company, and/or its predecessor Champion International Corporation, and defendant BNSF Railway Company to conduct investigation and sampling activities at the Site, and to remove contaminated soil from properties within the Site.  Pursuant to these administrative orders, defendants International Paper Company and BNSF Railway Company have undertaken various response activities at the Site.

22.  Sampling conducted by and at the direction of U.S. EPA has determined that soil, surface water and groundwater at the Site remain contaminated with "hazardous substances" including dioxin, arsenic, PCP and polynuclear aromatic hydrocarbons (PAHs).

## CLAIM FOR RELIEF

23. The allegations in the foregoing paragraphs are incorporated herein by reference.

**A. General Elements of CERCLA Liability**

24. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
>> (1) the [current] owner or operator of . . . a facility, [and]
>>
>> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> . . . .

> . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> > (A) all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan . . . .

25. Under CERCLA Section 101(9), 42 U.S.C. §§ 9601(9), a "facility" includes "any building, structure, . . . pit, pond, lagoon, impoundment,. . ." and "any site or area where a hazardous substances has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ."

26. The Site is a "facility" within the meaning and scope of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a). In addition, there are or were at relevant times, facilities within the Site, including, but not limited to, certain buildings, structures, ponds, lagoons, and/or impoundments.

27. Dioxin, PCP, arsenic and other substances found in soil, surface water, and groundwater at the Site are "hazardous substances" within the meaning and scope of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a). U.S. EPA has determined that the above-mentioned hazardous substances were disposed of at facilities including, but not limited to, buildings, structures, ponds, lagoons and/or impoundments at the Site.

28. The actual and threatened releases of hazardous substances from the Site have caused the United States to incur "response costs" within the meaning and scope of CERCLA Sections 101(25) and 107(a), 42 U.S.C. §§ 9601(25) and 9607(a). As of December 31, 2008, the United States had incurred unreimbursed costs of $4,048,390.08 to conduct response activities at or in connection with the Site, including, but not limited to, investigation, monitoring, testing, planning, enforcement, and indirect costs.

29. The "response actions" for which the United States incurred response costs referenced in paragraph 28 were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

30. In April 2008, U.S. EPA issued a Special Notice Letter to defendants International Paper Company, BNSF Railway Company and Cass Forest Products. The United States is entitled to interest on

response costs, accruing from the later of the date of such letter or the date of the expenditure of response costs, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

31.  The United States is continuing to incur enforcement and indirect costs pursuant to Section 107(a) of CERCLA, 42 U.S.C. §9607(a).

### B. **International Paper Company**

32.  Since 2000, defendant International Paper Company has been an "owner" of a portion of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).  This portion of the Site includes facilities previously used for wood treatment activities, including ponds, lagoons, and/or impoundments used for storage and disposal of process wastewater from wood treatment operations. Hazardous substances, have been "deposited . . . disposed of, or placed, or otherwise come to be located" at property within the Site owned by defendant International Paper Company.

33.  As the owner of a "facility" from which there has been a release or threatened release of a hazardous substance, defendant International Paper Company is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

34.  From 1957 until 1985, defendant International Paper Company's corporate predecessor, St. Regis Paper Company, owned and operated a wood treatment operation at the Site.  This wood treatment operation involved the use of "facilities," including but not limited to buildings, structures, ponds, lagoons, and/or impoundments.  During the time that the St. Regis Paper Company owned and operated the wood treatment operation at the Site, waste containing hazardous substances, including PCP, and dioxin and arsenic compounds, was disposed of at facilities owned and/or operated by St. Regis Paper Company within the Site.

35.  Defendant International Paper Company's corporate predecessor, St. Regis Paper Company, "owned" and "operated" "facilities" within the Site at the time of disposal of hazardous substances at such facilities within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

36. As a corporate successor to St. Regis Paper Company, which owned and operated facilities at the Site when hazardous substances were disposed of at such facilities, defendant International Paper Company is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), for all costs incurred by the United States in responding to releases and threatened releases of hazardous substances at and from facilities at the Site.

### C. BNSF Railway Company

37. Since 1995, defendant BNSF Railway Company has been an "owner" of a portion of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A). This portion of the Site includes facilities, including one or more ponds, lagoons, and/or impoundments formerly used by a predecessor to defendant International Paper Company for storage and disposal of process wastewater from wood treatment operations. Hazardous substances, including dioxin, have been "deposited . . . disposed of, or placed, or otherwise come to be located" at property within the Site owned by defendant BNSF Railway Company.

38. As the owner of a "facility" from which there has been a release or threatened release of a hazardous substance, defendant BNSF Railway Company is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

39. For many years, and throughout the period in which the St. Regis Paper Company engaged in wood treatment and storage operations at the Site, defendant BNSF Railway Company's corporate predecessors leased portions of property that they owned to the St. Regis Paper Company for wood treatment operations.

40. The St. Regis Paper Company used portions of the Site that it leased from BNSF Railway Company's predecessors in its wood treatment operations and disposed of wastes containing hazardous substances, including PCP, and dioxin and arsenic compounds, at facilities including one or more ponds, lagoons, and/or impoundments located on property owned by BNSF Railway Company's predecessors.

41. Defendant BNSF Railway Company's corporate predecessors "owned" and/or "operated" facilities within the Site at the time of disposal of hazardous substances at such facilities within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

42. As a corporate successor to Great Northern Railway Company and Burlington Northern, Inc., which owned and operated facilities at the Site when hazardous substances were disposed of at such facilities, defendant BNSF Railway Company is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), for all costs incurred by the United States in responding to releases and threatened releases of hazardous substances at and from facilities at the Site.

### D. Cass Forest Products

43. Since July 1997, defendant Cass Forest Products has been an "owner" of a portion of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A). Hazardous substances, have been "deposited . . . disposed of, or placed, or otherwise come to be located" at property within the Site owned by defendant Cass Forest Products.

44. As the owner of a facility from which there has been a release or threatened release of a hazardous substance, defendant Cass Forest Products is a liable party under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

### PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

A.   Enter judgment against each Defendant jointly and severally, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, for all unreimbursed response costs incurred by the United States for response actions in connection with the Site;

B.   Enter a declaratory judgment as to each Defendant's liability that will be binding in future actions to recover any further response costs incurred by the United States in connection with the Site;

C.   Award the costs of this action to the United States; and

D.	Grant such other and further relief as the Court deems just and proper.

                    Respectfully submitted,


_____
W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


_____
BONNIE A. COSGROVE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044
(202) 616-6513


s/ Friedrich A. P. Siekert
B. TODD JONES
United States Attorney
District of Minnesota
FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
MN Attorney ID No. 0142013
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: 612-664-5600


Of Counsel
MONY CHABRIA
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

THOMAS TURNER
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

D.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ W. Benjamin Fisherow*
W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

*/s/ Bonnie A. Cosgrove*
BONNIE A. COSGROVE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 616-6513

August 25, 2010

*/s/ Friedrich A. P. Siekert*
B. TODD JONES
United States Attorney
District of Minnesota
FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
MN Attorney ID No. 0142013
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: 612-664-5600

Of Counsel
MONY CHABRIA
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

THOMAS TURNER
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604